**E-FILED**
Wednesday, 01 May, 2013  02:40:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS


SENECA JAMES,

              PLAINTIFF,


         VS.                                           11-2161

TIMOTHY KREISSLER and
MICHAEL SHREFFLER,


              DEFENDANTS.


## MEMORANDUM OPINION


On April 29, 2013, this case was called for trial before the court sitting with a jury.  The plaintiff, Seneca James, appeared *pro se.* The defendant, Timothy Kreissler, appeared personally, accompanied by his counsel, Michael Bersani, Esq.[1]   The plaintiff's claim was that the defendant, Sergeant Timothy Kreissler, of the Kankakee Police Department, struck James in the face and thereby infringed James' Fourteenth Amendment right as a pretrial detainee to due process.


After opening statements were made, the plaintiff proceeded with his case in chief.  The plaintiff's exhibits,  the hospital and jail records, were received as the records of regularly conducted activities.  James called as witnesses the two security guards at the hospital to which the Kankakee police officers took him after his arrest. He called the arresting officer, Michael Shreffler. He called the emergency room RN who cared for him and cleaned up his wounds and gave him a tetanus shot.  He presented the hospital records of the emergency room physician and nurse who examined him and treated him.  He called the defendant, Kreissler, to testify.  He

---

[1]The court, on motion,  entered summary judgment in favor of the defendant, Michael Shreffler, on March 1, 2013. [Dkt 67].

presented the deposition testimony of the emergency room doctor who treated him. Finally, he testified himself.

In sum, the weight of the evidence was overwhelming that James had no claim against Kreissler.  The plaintiff's evidence didn't come close to making out a *prima facie* case.  There was no genuine dispute about what transpired, except for James' claim that Kreissler struck him.

James was at a "get together" of friends, drinking, and partying through the afternoon and into the late hours of the night.  James became involved in a dispute.  He was put out of the party and the door locked.  He smoked a cigarette.  He was angry.  He tried to be let back in.  That didn't happen.  So James broke a window with his arm, sustaining cuts.  The people at the party came out to confront James.  His "girlfriend's new boyfriend" struck James in the face in the area of his left eye.  His "girlfriend" scratched James' face on the left side.  The police were called.  James left on foot and was apprehended by the police in an alley about a block away.  He was arrested, handcuffed, searched for weapons and taken by the police to the hospital to have his wounds examined.

The witnesses agreed that James did not offer any resistance when he was arrested and submitted to the arrest.  It was a different story when James got to the hospital.  The hospital security guards, who were alerted to the arrival of the police with a person in custody, testified that James was loud and abusive to everyone when he was led into the ER by the police, struggling and yelling obscenities at the police and the hospital staff.   He was placed in a sitting position in a bed in an ER examining station.  There is some vagueness as to whether his hands and feet were secured to the bed.  He says they were and it seems quite likely that with his abusiveness and combative nature that was probably so.  At any rate he was examined and his wounds treated.  In the history he gave the doctor and the nurse, James said "his girlfriend's new boyfriend" had punched him in the face inflicting the condition around his left eye.

At about this time the defendant Kreissler showed up in the ER to take photographs of James' injuries.  James was not cooperative and Kreissler had difficulty getting the pictures that were received in evidence.  While he was trying to get the photographs and was about two feet from James, James spit in Kreissler's face.   James

testified that Kreissler then struck James in the face.  All the other persons standing there watching, the security staff, Shreffler, the nurse, the physician, testified that was not true.  Kreissler got an antiseptic wipe from the nurse, wiped his face off and left the ER.  Kreissler testified that he never touched James at any time.  He was present as shift supervisor when James was apprehended but did not participate in the arrest or in taking James to the hospital or to the Kankakee County Jail.  Kreissler testified that, after he took the photographs and left the hospital, he returned  to the police station, went to the locker room and washed his face.

When the plaintiff rested his case, the defendant moved under Fed. R. Civ. P. 50 for judgment as a matter of law.  The court granted the motion and concluded that "a reasonable jury would not have a legally sufficient evidentiary basis" to find in favor of the plaintiff and against the defendant.  There was no genuine credibility question left.  Granting that the security guards and the police officers might slant their testimony in favor of the defendant, the nurse and the treating physician had no such inclination.  To the contrary, as the testimony showed, they were professionally and morally obligated to record and to report any patient abuse.  They testified unequivocally that they saw no abuse.

In addition, and while not a major concern, it was the end of the day and requiring the jury to return for another day, to arrive at what was obviously a foregone conclusion, would not have been an efficient and fiscally responsible use of the court's resources or of the jurors' time.

Enter this 1st day of May 2013.

**/s/Harold A. Baker**

_____
Harold A. Baker
United Sates District Judge

3